UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARMON CONSTRUCTION, LLC | CIVIL ACTION |
| VERSUS | NO: 09-6556 |
| J.R. HEINEMAN AND SONS, INC. | SECTION: J(2) |

## ORDER AND REASONS

Before the Court is Harmon Construction, LLC's **Motion to Remand (Rec. Doc. 4)** and Defendant J.R. Heineman and Sons, Inc.'s **Response Memorandum in Opposition (Rec. Doc. 5)**.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Harmon Construction, LLC (**"**Plaintiff") and J.R. Heineman and Sons, Inc.("Defendant") entered into a construction contract which contained an arbitration provision. The arbitration provision required any arbitration to be held in Saginaw, Michigan. The arbitration provision further required the laws of Michigan to be applied. Plaintiff believes that La. R.S. 9:2779 renders the arbitration provision contract unlawful. Defendant disagrees and believes that arbitration should be conducted in accordance with the arbitration provision. As a result, Plaintiff has filed suit for declaratory judgment. In the declaratory judgment suit, Plaintiff seeks interpretation of La. R.S. 9:2779, and a determination of whether the contract's arbitration provision is valid.

The suit for declaratory judgment was originally filed in

Orleans Civil District Court, State of Louisiana.  Defendant timely filed a notice of removal, pursuant to 28 U.S.C. §§ 1441 and 1446, and the matter was removed to the Eastern District of Louisiana and placed on this Court's docket.  Plaintiff then filed the current motion, which seeks to remand this case to the Orleans Civil District Court.  After reviewing the record, file, and the parties' motions and memoranda, this Court finds as follows:

## **THE PARTIES' ARGUMENTS**

Plaintiff argues that this case should be remanded because the Court lacks jurisdiction to hear this matter.  Plaintiff asserts that diversity jurisdiction has not been established.  According to Plaintiff, although the parties are diverse, the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332(a) because the declaratory judgment does not have a monetary value.  Secondly, Plaintiff alleges that federal question jurisdiction, 28 U.S.C. § 1331, does not apply because Plaintiff's declaratory judgment seeks interpretation of Louisiana, not federal, law.

Defendant argues that this Court should not remand the case because jurisdiction is established under 28 U.S.C. § 1332(a).

## **DISCUSSION**

The Fifth Circuit has stated, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value

2

of the right to be protected to the extent of the injury to be prevented." Webb v. Investacorp, Inc., 89 F.3d 252, 256 (5th Cir. 1996) (quoting Leininger v. Leininger, 705 F.2d 727 (5th Cir. 1983)). Plaintiff has filed a declaratory judgment seeking interpretation of Louisiana law as it relates to the proper venue to conduct arbitration. While there is no monetary value associated with the actual request to interpret the law, it is proper for the district court to look to the underlying arbitration to determine the amount in controversy for a declaratory relief action. Webb, 89 F.3d at 257.

The underlying right to be protected here is the amount at stake in the arbitration proceedings. Prior to filing suit for declaratory judgment, Plaintiff demanded arbitration because of Defendant's alleged breach of a construction contract entered into by the parties. In its demand for arbitration, Plaintiff alleged that it is owed $279,090.25. This $279,090.25 exceeds the $75,000 amount in controversy required by 28 U.S.C. § 1332(a). Therefore, because the amount in controversy requirement is satisfied, and the parties in this matter are diverse, Plaintiff is incorrect in stating that this case should be remanded for lack of subject matter jurisdiction.

Accordingly, **IT IS ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc. 4)** is hereby **DENIED.**

New Orleans, Louisiana, this __24th__ day of __November__, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE